UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | No. 2:19-cv-1227 DB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has not filed an in forma pauperis affidavit or paid the required filing fee of $350.00 plus the $50.00 administrative fee.[1] <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a). For the reasons listed below, the undersigned shall recommend that plaintiff be ordered to pay the filing fee prior to proceeding any further with this action.

////

////

---

[1] As discussed herein, being granted leave to file in forma pauperis is not an option for plaintiff. However, if it had it been, and plaintiff had been granted leave to do so, he would have been required to pay the $350.00 filing fee, but he would have been permitted to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

1

## I. APPLICABLE LAW: 28 U.S.C. § 1915(g)

Section 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## II. PLAINTIFF'S COMPLAINT

Plaintiff alleges that defendants violated his rights under the Fourteenth Amendment when they forced him to be on a special renal diet knowing full well that plaintiff would refuse the meals.[2] (See ECF No. 1 at 4-5). He contends that his refusal of the meals has led to "mineral depletion" which has, in turn, put him in imminent danger of serious physical harm. (See ECF No. 1 at 3).

Plaintiff has not filed an application to proceed in forma pauperis, nor has he paid the filing fee. Instead, plaintiff points out that he is a three-strikes litigant under the Prison Litigation Reform Act ("PLRA") and alleges that he is in imminent physical danger.[3] As a three-strikes litigant, a finding that plaintiff is in imminent danger of serious physical harm would eliminate his obligation to pay the filing fee. See generally 28 U.S.C. § 1915(g).

## III. DISCUSSION

Because plaintiff is a three strikes litigant, requiring plaintiff to file an in forma pauperis application with the court before proceeding any further with this action would be an exercise in futility. Instead, the more expedient course of action is for the court to require plaintiff either to pay the filing fee or to show that he was in imminent danger of serious physical harm at the time

---

[2] Plaintiff states he is refusing the meals because he believes prison personnel will tamper with them prior to serving them to him. (See ECF No. 1 at 3-4).

[3] In the complaint, plaintiff also states that he has not exhausted his two claims because no staff complaint appeal service was available to him and because the conduct and omissions of one of the defendants are "beyond the purview of the CDCR prison appeal [sic] system." (See ECF No. 1 at 4-5). Because this action may not proceed further prior to either the filing fee being paid or a grant of in forma pauperis status being issued (see 28 U.S.C. §§ 1914, 1915), the court does not consider plaintiff's failure to exhaust his administrative remedies herein.

he filed the instant action. See generally id. The court considers below whether plaintiff has shown that he was in imminent danger at the time he filed the complaint.

Plaintiff has chosen to starve himself in order to avoid receiving a diet currently prescribed to him. With rare exception, a plaintiff cannot "create the imminent danger so as to escape the three strikes provision of the PLRA." Ransom v. Hubbard, No. 1:11-cv-00875 GBC (PC), 2012 WL 3704760, at *4 (E.D. Cal. Aug. 24, 2012) (citations omitted); see Taylor v. Walker, No. 07-706 MJR, 2007 WL 4365718, at *2 (S.D. Ill. Dec. 11, 2007); see also Bell v. Allen, No. 06-0496 CG M, 2007 WL 484547, at *2 (S.D. Ala. Feb.8, 2007); Muhammed v. McDonough, No. 3:06-cv-527-J-32TEM, 2006 WL 1640128, at *1 n.1 (M.D. Fla. June 9, 2006); Wallace v. Cockrell, No. 3:03-MC-98-K, 2003 WL 22961212, at *2 (N.D. Tex. Oct.27, 2003). Typically, "self-harm is not encompassed within the statutory reference to 'imminent danger of serious bodily injury'. If that were the case, virtually every prisoner plaintiff could make such a claim." Fails v. Simon, No. 3:09-cv-525 RV MD, 2009 WL 5217072, at *2 (N.D. Fla. Dec. 30, 2009); but see Sanders v. Melvin, 873 F.3d 957, 961 (7th Cir. 2018) (stating self-harm as consequence of condition that prompted suit warrants treatment of allegation as imminent physical injury). Moreover, plaintiff does not allege that he has been deprived of his constitutional right to nutritionally adequate meals. See McElyea v. Babbitt, 833 F.3d 196, 198 (9th Cir. 1987) (citations omitted) (acknowledging right to be provided with food sufficient to sustain one in good health that satisfies law of religion).

For these reasons, plaintiff has not established that he was in imminent danger of serious physical injury at the time he filed the instant complaint. Consequently, the undersigned shall recommend that plaintiff be ordered to pay the $400.00 filing fee prior to proceeding any further with this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a District Court Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff be required to pay the $400.00 filing fee prior to proceeding any further with this action.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 11, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/brow1227.scrn.of&r.3xP