UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

    Plaintiff,

v.

GAVIN NEWSOM, et al.,

    Defendants.

No. 2:19-cv-01227 MCE DB P

ORDER

On December 11, 2019, plaintiff filed a motion for reconsideration of the district court's order issued November 21, 2019. (ECF No. 16). For the reasons stated below, the motion will be denied.

**I.    RELEVANT FACTS**

The order plaintiff asks the court to reconsider directs plaintiff to pay the $400.00 filing fee within twenty-one days. (ECF No. 14 at 2). The order to pay the fees is based upon the court's finding that plaintiff is a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g)[1] and that he was not in any imminent danger of serious physical harm at the time that he filed the

---

[1] The court takes judicial notice of the fact that plaintiff was determined to be a three-strikes litigant in Brown v. Sagireddy, No. 2:17-cv-2041 KJM AC P ("Sagireddy"). (See Sagireddy, ECF No. 14). A court may take judicial notice of court records. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1 | instant complaint. (See ECF Nos. 4, 14). Plaintiff has admitted that he is a three-strikes litigant. (See ECF No. 1 at 2).

In the motion for reconsideration, plaintiff does not contest his three-strikes status, nor does he contest the finding that no imminent danger existed at the time he filed the complaint. (See generally ECF No. 16). Instead, plaintiff states that the magistrate's screening found that the claims in his complaint were "poorly plead [sic] or failed to state a claim." (Id. at 7). As a result, he argues, he should be given the opportunity to file an amended complaint. (See id. at 7). He contends that the undersigned's adoption of the magistrate's findings and recommendations should be reconsidered with these alleged facts in mind. (See generally id. at 3).

## II.     STANDARD OF REVIEW

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 230(j)(3) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . which . . . were not shown upon such prior motion, or what other grounds exist for the motion." Id. The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981) (citations omitted); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

## III.    DISCUSSION

In the instant action, contrary to plaintiff's assertions, the issue is not whether plaintiff is able to state a claim in the complaint.[2] On the contrary, a review of the magistrate judge's July 12, 2019, findings and recommendations – the undersigned's adoption of which is at issue herein

---

[2] In any event, because plaintiff is a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g), to consider the merits of plaintiff's complaint prior to him paying the $400.00 filing fee would be improper.

2

– indicates that the magistrate's order did not reach the question of whether plaintiff's complaint states a claim. The order simply found that plaintiff is a three-strikes litigant, and it determined that plaintiff's attempts to starve himself did not constitute proper exigent circumstances that would warrant a waiver of his obligation to pay the filing fee. (See ECF No. 4 at 2-3). Thereafter, the undersigned determined that the magistrate's findings were supported by the record and by analysis. (See ECF No. 14 at 1).

Plaintiff's motion for reconsideration makes no argument contesting the court's finding that he is a three-strikes litigant. (See generally ECF No. 16). The motion also fails to contest the court's finding that plaintiff was not in imminent danger at the time he filed his complaint. (See generally id.). The core issues that should have been addressed in plaintiff's motion for reconsideration have not been addressed.

## IV.  CONCLUSION

In sum, plaintiff's motion for reconsideration offers no new or different facts to support it. Neither substantially different evidence, nor new controlling authority has been presented, and plaintiff has provided no evidence that this court's adoption of the magistrate's findings and recommendations was either clearly erroneous or would result in injustice. See Handi Investment Co., 653 F.2d at 392; see also Waggoner, 767 F.2d at 593. Because plaintiff's motion for reconsideration provides no evidence that warrants reconsideration of the court's November 21, 2019, order, it shall be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration, filed December 11, 2019 (ECF No. 16), is DENIED.

IT IS SO ORDERED.

Dated:  February 4, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

3